# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

DORWIN BOHNAM-CONN,

    Plaintiff,

v.                                      Case No. 08-CV-13248

COMMISSIONER OF                DISTRICT JUDGE MARIANNE O. BATTANI
SOCIAL SECURITY,               MAGISTRATE JUDGE CHARLES E. BINDER

    Defendant.

_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

### I.    RECOMMENDATION

In light of the entire record in this case, I suggest that incorrect legal standards were used in the Commissioner's determination that Plaintiff is not disabled. Accordingly, **IT IS RECOMMENDED** that Plaintiff's Motion for Summary Judgment be **GRANTED**, that Defendant's Motion for Summary Judgment be **DENIED**, that the findings of the Commissioner be **REVERSED**, and that the case be **REMANDED** for further administrative proceedings.

---

[1] The format and style of this Report and Recommendation are intended to comply with the requirements of the E-Government Act of 2002, Pub. L. 107-347, 116 Stat. 2899 (Dec. 17, 2002), the recently amended provisions of Fed. R. Civ. P. 5.2(c)(2)(B), E. D. Mich. Administrative Order 07-AO-030, and guidance promulgated by the Administrative Office of the United States Courts found at: http://jnet.ao.dcn/img/assets/5710/dir7-108.pdf. This Report and Recommendation is issued only to address the matters at issue in this case and is not intended for publication in an official reporter or to serve as precedent.

## II.     REPORT

### A.     Introduction and Procedural History

Pursuant to 28 U.S.C. § 636(b)(1)(B), E.D. Mich. LR 72.1(b)(3), and by Notice of Reference, this case was referred to this Magistrate Judge for the purpose of reviewing the Commissioner's decision denying Plaintiff's Child Disability Benefits. This matter is currently before the Court on the Commissioner's motion for summary judgment, and Plaintiff's Response. (Doc. 14, 15.)

In March 2004, a claim for Child's Insurance Benefits was filed on behalf of the Plaintiff. (Transcript, Doc. 7 at 18, 187.) The claim alleged that Plaintiff had been disabled since birth. (*Id.*; *see also* Tr. at 79.)[2] The claim was denied at the initial administrative stages. (Tr. at 59-62.)[3] On August 25, 2005, Plaintiff appeared before Administrative Law Judge ("ALJ") Henry Tai, who considered the case *de novo*. In a decision dated September 22, 2005, the ALJ found that Plaintiff was not disabled. (Tr. at 187-94.) Plaintiff requested a review of this decision, and on September 30, 2006, the Appeals Counsel remanded for further proceedings. (Tr. at 210-11.) A second administrative hearing was held on March 17, 2007 before ALJ Henry Perez, Jr. In a decision dated November 15, 2007, ALJ Perez found that Plaintiff was not disabled. (Tr. at 18-31.) Plaintiff requested a review of this decision. (Tr. at 12.)

The ALJ's decision became the final decision of the Commissioner on July 16, 2008, when the Appeals Council denied Plaintiff's request for review. (Tr. at 8-10.) On July 29, 2008,

---

[2]The original application for benefits is not found in the administrative record. (*See* notation, Tr. at 1.)

[3]The first ALJ notes, however, that Plaintiff had been awarded benefits for some period, and that they were terminated when Plaintiff turned 18 years of age. (Tr. at 19, *See also* Tr. at 45-46.)

2

Plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision. (Dkt. 1.)

### B. Standard of Review

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited to determining whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner's decision employed the proper legal standards. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (per curiam). The Commissioner is charged with finding the facts relevant to an application for disability benefits. A federal court "may not try the case *de novo*. . . ." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). The scope of the court's review is limited to an examination of the record only. *Brainard,* 889 F.2d at 681.

### C. Governing Law

In enacting the social security system, Congress created a two-tiered system in which the administrative agency handles claims and the judiciary merely reviews the determination for exceeding statutory authority or for being arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521, 110 S. Ct. 885, 107 L. Ed. 2d 967 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination which can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137, 142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987). If relief is not found during this administrative review process, the claimant may file an action in federal district court. *Id.*; *Mullen*, 800 F.2d at 537.

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994). "[B]enefits are available only to those

individuals who can establish 'disability' within the terms of the Social Security Act." *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). "Disability" means that a person is

> unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). One is thus under a disability "only if his physical or mental . . . impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 1382c(a)(3)(B).

A child will be considered disabled if he or she has a "medically determinable physical or mental impairment, which results in marked and severe functional limitations . . . ." 42 U.S.C. § 1382c(a)(3)(C)(i). To determine whether a child's impairment results in marked and severe limitations, SSA regulations[4] prescribe a three step sequential evaluation process:

1. If a child is doing substantial gainful activity, the child is not disabled and the claim will not be reviewed further.

2. If a child is not doing substantial gainful activity, the child's physical or mental impairments will be considered to see if an impairment or combination of impairments is severe. If the child's impairments are not severe, the child is not disabled and the claim will not be reviewed further.

3. If the child's impairments are severe, the child's impairment(s) will be reviewed to determine if they meet, medically equal or functionally equal the listings. If the child has such an impairment and it meets the duration requirement, the child will be considered disabled. If the child does not have such impairment(s), or if the duration requirement is not met, the child is not disabled.

20 C.F.R. § 416.924(a).

---

[4] For a history of these regulations, see *Molina v. Barnhart,* No. 00-CIV-9522(DC), 2002 WL 377529 (S.D.N.Y. March 11, 2002).

4

In this third step – namely, whether a child's impairment(s) functionally equals the listings – the Commissioner assesses the functional limitations caused by the child's impairment(s). 20 C.F.R. § 416.926a(a). The Social Security regulations list specific impairments relevant to step three, some of which apply only to children. *Id.* § 416.924(d). A claimant bears the burden of proving that his or her impairment satisfies, or "meets," one of the listed impairments. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir.1995); *see also Hall ex rel. Lee v. Apfel*, 122 F. Supp. 2d 959, 964 (N.D. Ill. 2000) (child's claim). Once a claimant makes such a showing, an irrebuttable presumption of disability arises and benefits must be awarded. *Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir. 2000) (citing 20 C.F.R. §§ 404.1520(d), 416.920(d)).

To "meet" a listed impairment, a child must demonstrate both "A" and "B" criteria. *See* 20 C.F.R. pt. 404, subpt. P, app. 1. "A" criteria are medical findings and "B" criteria "describe impairment-related functional limitations." *Id.* An impairment that shows some but not all of the criteria, no matter how severely, does not qualify. *Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir.1995); *Selders v. Sullivan*, 914 F.2d 614, 619 (5th Cir. 1990). If a child's impairments do not "meet" a listed impairment, they may still be medically or functionally equal in severity and duration to the medical criteria of a listed impairment. 20 C.F.R. § 416.926a(a). A child's impairments "equal" a listed impairment when the child demonstrates a "'marked' limitation[ ] in two domains of functioning or an 'extreme' limitation in one domain." *Id.* Domain analysis is equivalent to analysis of the "A" and "B" criteria for listed impairments, and focuses on "broad areas of functioning intended to capture all of what a child can or cannot do." 20 C.F.R. § 416.926a(b)(1). The regulations include six domains: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for yourself, and (6) health and physical well-being. *Id.* A

"marked" limitation is one which "interferes seriously with [a child's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2)(i). It "is 'more than moderate' but 'less than extreme.'" *Id.*

### D. Analysis and Conclusion

#### 1. Plaintiff's Arguments

Plaintiff's counsel's arguments revolve around the third step of the analysis outlined above. Citing inconsistencies between a consultative psychological evaluation conducted after the March 2007 hearing and the psychologist's answers to interrogatories from Plaintiff's counsel, counsel argues that substantial evidence fails to support the ALJ's findings as to Plaintiff's degree of mental impairment.[5]

#### 2. ALJ's Findings

In his decision after remand, the ALJ first states that Plaintiff presented a child's disability insurance benefits claim with an alleged disability onset date before the age of 22.[6] (Tr. at 19.) However, immediately thereafter, he lists the criteria for evaluating adult disability under 20 C.F.R. § 404.1520. (*Id.*) The ALJ then engages in a lengthy review of the evidence, much of which describes Plaintiff's condition during his childhood years (Tr. at 21-22, 24-29). The ALJ finds first that Plaintiff has not engaged in substantial gainful activity. (Tr. at 20, 29.) The ALJ concludes that Plaintiff's impairments were "severe." (Tr. at 21.) The ALJ ultimately concludes that Plaintiff's combination of impairments did not meet or equal any of the Listings. (Tr. at 21-30.) While the ALJ considers the evidence of record under a number of Listings, nowhere in this

---

[5]Counsel also implies that the ALJ also improperly denied his request for a supplemental hearing.

[6]In support of this finding, the ALJ appropriately cites the Commissioner's definition of childhood found at 20 C. F.R, § 404.350(a)(5).

6

decision can I find an application of any of the domains of functioning set forth in 20 C.F.R. § 416.926a(b)(1), nor an explanation why they were not utilized in what the ALJ admitted was a Child's Disability Benefits case. Instead, the ALJ immediately appears to apply the adult disability analysis, as set forth in 20 C.F.R. §§ 404.1520 and 416.920, even though he earlier explicitly stated that this was a Child's Disability Benefits case, and, as mentioned, the evidence of record comes in large measure from Plaintiff's childhood years. And while he finds that Plaintiff has "moderate" non-exertional impairments, those findings are made under the Commissioner's adult mental impairment listings, and not under any of the childhood impairment listings summarized above.

### 3. Conclusion

After a careful review of the decision, I can come to no other conclusion but that, although the ALJ stated that he was following the Commissioner's childhood disability analysis, he, in fact, failed to do so. I thus suggest that the case be remanded for further administrative proceedings, including at least the consideration and application of the evidence of record to determine the level of impairment, if any, suffered by Plaintiff in each of the six domains listed in 20 C.F.R. § 416.926a(b)(1).[7]

### III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties

---

[7] While I am painfully aware that this Recommendation will cause another lengthy administrative delay, the ALJ's failure to follow and properly apply the Commissioner's disability analysis leaves me no other choice.

---

are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n. of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be concise, but commensurate in detail with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

                                            s/ *Charles E. Binder*
                                            CHARLES E. BINDER
Dated: April 2, 2009                      United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served upon counsel of record via the Court's ECF System and served on District Judge Battani in the traditional manner.

Date:  April 2, 2009                    By     s/Patricia T. Morris
                                                 Law Clerk to Magistrate Judge Binder